**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**

GLENN FAUST                      **PLAINTIFF**

VS.                              CIVIL CAUSE NO.: 24-177 (KJ)

**FILED JUL 29 2024 RANDY CARNEY, CLERK BY _____ D.C.**

WALMART INC.                     **DEFENDANT**

## COMPLAINT

**COMES NOW** Glenn Faust, who files this Complaint against the Defendant, Walmart Inc., and in support thereof shows unto the Court the following:

1.

Plaintiff herein is Glenn Faust, a competent individual domiciled in Ocean Springs, Mississippi ("Faust").

2.

Made defendant herein is Walmart Inc. ("Walmart"), a foreign corporation, licensed and doing business in the State of Mississippi and capable of being served through its registered agent for service of process, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.

This cause of action occurred or accrued in Jackson County, Mississippi. Pursuant to the provisions of § 11-11-3 of the Mississippi Code of 1972 as amended, venue is proper in this Court.

4.

On December 11, 2023, Faust was shopping at the Walmart located at 3911 Bienville Boulevard in Ocean Springs, Mississippi. Faust wanted to purchase a gallon of milk. As he reached for a gallon of milk from the shelf, it fell to the floor. When he bent over to retrieve it, all of the

milk jugs on the shelf fell onto his head, neck and shoulders. As a result, petitioner sustained serious injuries and had to seek immediate medical treatment.

5.

At all relevant times, the shelf was in the care, custody, and control of Walmart. Walmart had actual or constructive knowledge of the defective shelf.

6.

The shelf absence to prevent milk jugs from falling off the shelf created an unreasonably dangerous condition. No action had been taken by any employee of Walmart to remedy the unreasonably dangerous condition or to warn Faust of the unreasonably dangerous condition..

7.

This accident was caused by Walmart's negligence in the following non-exclusive particulars, or as may be seen at trial in this matter:

    a. Failing to follow safe practices and procedures;

    b. Failing to properly monitor potential hazards;

    c. Lack of attention to potential dangers;

    d. Creating an unreasonable risk of harm:

    e. Failing to use the necessary precautions for the conditions then and there prevailing;

    f. Failure to warn patrons of the hazard or redirect patrons away from the hazard;

    g. Failing to maintain a safe environment, free from hazards;

    h. Failing to correct a defect that presented a foreseeable risk of harm;

    i. Failing to avoid a foreseeable accident:

    j. Failure to protect others from a dangerous condition;

    k. Failing to properly train their employees to act and respond to avoid danger to others;

l.  Failure to conduct reasonable inspections and maintenance;

m. Failing to provide adequate safety training; and

n. Any other act of negligence shown at the trial of this matter.

8.

Under the doctrine of *respondeat superior* Walmart is responsible for the negligence of its employees and liable for the acts and omissions of its employees that failed to monitor for unreasonable hazards and promptly repair the defective shelf.

9.

As a result of the accident, the Plaintiff has sustained severe and disabling injuries to his mind and body, including but not limited to injuries to his neck, back, and shoulder. Plaintiff has incurred medical expenses as a result of this accident and will continue to incur medical expenses in the future.

10.

The Plaintiff suffered losses and special damages, as will be shown at a trial of this cause. Plaintiff itemizes his damages as follows:

a. Past, present and future pain and suffering;

b. Past, present and future mental anguish;

c. **Past, present and future medical expenses;**

d. Past, present and future disabilities;

e. Loss of enjoyment of life;

f. All other items of general or special damages which may be established at the trial of this matter; and

g. To the extent applicable, penalties, interest, costs and attorney's fees.

11.

Plaintiff's injuries and damages were reasonably foreseeable consequences of the defective condition of the shelf.

12.

The damages arising from this cause of action do not exceed $75,000.00, exclusive of legal interest and costs.

**WHEREFORE**, Plaintiff, Glenn Faust, prays that the Defendant be served with a copy of this Complaint and that after due proceedings are had, judgment be rendered against the Defendant, Walmart Inc., in the full amount of Plaintiff's damages, together with pre-filing and post-filing legal interest, attorney's fees, costs of these proceedings, including expert witness fees to be assessed as costs of court, and that he receive all legal and equitable relief that this Honorable Court shall find appropriate.

Respectfully Submitted,

_____
JEFFREY L. OAKES (BAR NO. 106236)
Brice Jones and Associates, L.L.C.
61025 Highway 1091
Slidell, Louisiana 70458
Telephone:   (985) 643-2413
Facsimile:   (985) 649-5830
Email:       jeffrey@bricejoneslaw.net

*Attorney for Plaintiff Glenn Faust*

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

GLENN JOSEPH FAUST,
    PLAINTIFF

CIVIL CAUSE NO. 24-177

VS.

WALMART INC.,
    DEFENDANT

### SUMMONS

**STATE OF MISSISSIPPI**
**JACKSON COUNTY**

TO:    **Walmart Inc.**
    **Through its Registered Agent for Service of Process:**
    **CT Corporation System**
    **645 Lakeland East Drive, Suite 101**
    **Flowood, Mississippi 39232**

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to Jeffrey L. Oakes, Brice Jones & Associates, LLC., the attorney for the Plaintiff, whose mailing address is 61025 Highway 1091, Slidell, Louisiana 70458. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of the Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this 29 day of July, 2024.

RANDY CARNEY, CIRCUIT CLERK
PASCAGOULA, MISSISSIPPI

BY: _____, D.C.

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

| | |
|---|---|
| GLENN FAUST, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 30COI1:24-cv-177-KJ |
| WALMART INC., | * |
| Defendant. | * |

## **ANSWER**

Defendant, Walmart Inc., ("Walmart"), answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

1.

Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency, but at this time, admits the same.

2.

Walmart admits it is a foreign corporation registered to do business in Mississippi which may be served via its registered agent. Walmart denies that Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

3.

Walmart admits, at the present time, venue is proper in the Circuit Court of Jackson County, Mississippi since this incident allegedly occurred in Jackson County. Walmart denies that Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

4.

Walmart admits that Plaintiff, Glenn Faust, was on its premises at the Walmart store located in Ocean Springs, Mississippi, on or about December 11, 2023. Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for his presence at Wal-Mart, or the allegations relating to the circumstances of how the incident occurred and, therefore, must deny the same and demand strict proof thereof.  Walmart is also without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

5.

Walmart denies the allegations of this paragraph and demands strict proof thereof.

6.

Walmart denies an "unreasonably dangerous" condition existed on its premises at the time of this incident and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

7.

Walmart denies its conduct constituted negligence, and denies its conduct was the proximate or contributing cause of this incident and demands strict proof thereof. Walmart specifically denies subparts a. through n. and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

8.

Walmart denies the allegations of this paragraph and demands strict proof thereof.

9.

Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

10.

Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof. Walmart specifically denies subparts a. through g. and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

11.

Walmart denies the allegations of this paragraph and demands strict proof thereof.

12.

Walmart denies that Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

Walmart denies the allegations of the unnumbered paragraph following paragraph 12 beginning "Wherefore, premises considered," and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

## **AFFIRMATIVE DEFENSES**

1. Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2. Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which he complains.

3. The alleged hazard about which Plaintiff complains was open and obvious, thereby obviating any duty and precluding Plaintiff from recovering damages under Mississippi law.

4. Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Mississippi law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5. No act or omissions of this Defendant was the proximate cause of any injury to Plaintiff.

6. Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8. Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9. Plaintiff, in whole or in part, failed to mitigate his alleged damages, and therefore is precluded from recovery.

10. Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of his Complaint and having no causal relationship with this defendant.

11. Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted on November 12, 2024.

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Walmart Inc.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

CERTIFICATE OF SERVICE

      I hereby certify that I have on this day November 12, 2024 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Jeffrey L. Oakes
Brice Jones and Associates, L.L.C.
61025 Highway 1091
Slidell, LA 70458

                                    */s/ W. Pemble DeLashmet*
                                    OF COUNSEL

### IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| GLENN FAUST, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 30CI124CV00177KJ |
| | * | |
| WALMART INC. | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

### NOTICE OF REMOVAL

TO:    Randy Carney, Circuit Clerk
JACKSON COUNTY-CIVIL DIVISION
3104 Magnolia St.
Pascagoula, MS  39567

There is hereby filed with you a copy of the Notice of Removal filed by Defendant WALMART INC. ("Walmart") through undersigned counsel, in the case styled "Glenn Faust, Plaintiff v. Walmart Inc." Civil Action No. 30CI124CV00177KJ, and designed to remove that action to the United States District Court for the Southern District of Mississippi, Southern Division.  This Notice of Removal was sent for filing in the United States District Court for the Southern District of Mississippi, Southern Division, on 20th day of January, 2025.

Written notice of the filing of said Notice of Removal was given to the attorneys of record for Plaintiff herein by service via U.S. mail on 20th day of January, 2025, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Jackson County,

Mississippi, effects removal of said cause to the United States District Court for the Southern District of Mississippi, Southern Division.

DATED this January 20, 2025.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET        (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND           (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET        (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Walmart Inc.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day January 20, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Jeffrey L. Oakes
Brice Jones and Associates, LLC
61025 Highway 1091
Slidell, LA  70458

/s/ W. Pemble DeLashmet
OF COUNSEL